UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PHILIP JOHNSON, *pro se*,                   :
                                            :
                    Plaintiff,              :           **MEMORANDUM & ORDER**
                                            :           08-CV-2753 (DLI)(LB)
            -against-                       :
                                            :
PORT AUTHORITY OF NEW YORK                  :
AND NEW JERSEY, WORLDWIDE                   :
FLIGHT SERVICES, INC. AND JFK               :
INTERNATIONAL AIRPORT,                      :
                                            :
                    Defendants.             :
------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

    *Pro se* petitioner, Philip Johnson, filed this discrimination action against
defendants Worldwide Flight Services Incorporated ("Worldwide"), the Port Authority
of New York and New Jersey ("Port Authority"), and John F. Kennedy International
Airport ("JFK Airport")[1] pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§§ 2000e-2000e-17 ("Title VII"), the New York State Human Rights Law, N.Y. Exec.
Law §§ 290-97, and the New York City Human Rights Law, N.Y. City Admin. Code
§§ 8-101-131. Worldwide now moves to dismiss this complaint pursuant to Fed. R. Civ.
P. 12(b)(6). For the reasons set forth below, the motion is granted with respect to the
federal claim. The court declines to exercise supplemental jurisdiction over the state-
law claims. Therefore, they are dismissed without prejudice.

    I.  Background

    The following facts are set forth in plaintiff's complaint, opposition papers, and

---

[1] JFK Airport has not been served.

1

in documents that, although not attached to the complaint, are integral to it. *See Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008) (citation omitted). The court accepts the factual allegations in the complaint and plaintiff's opposition papers as true for purposes of resolving this motion. *Id.* (citation omitted).

Plaintiff is an African-American of Jamaican descent and is of the Rastafarian faith. He applied to work for Worldwide's operations at JFK Airport in a position that required a federally mandated security clearance known as the Unescorted Access Privileges to the Security Identification Area of Kennedy International Airport. As part of the application, plaintiff submitted his fingerprints, underwent a physical examination, and provided his picture and background information. He also applied to the Port Authority for the security clearance. While his application was pending, plaintiff began training for the position. "Months later," when he returned to complete his interview, he was told that he needed to restart the application process, which entailed repeating the training, resubmitting his fingerprints, and undergoing another physical. Plaintiff complied.

On February 17, 2007, the Port Authority sent a letter to plaintiff denying his application for the security clearance. The letter states:

> Upon reviewing the results of your Criminal History Records Check (CHRC) and your [JFK Security] ID card application, your request for this card is denied. The CHRC obtained from the FBI indicates that you were convicted of: criminal act/s. Your application has been denied because you failed to disclose this fact in Part 5 of the ID card application.

(Worldwide Mem. of Law at Ex. B.) The letter also notes that plaintiff did not have any

convictions for a "disqualifying crime." (*Id.*)[2] The letter advised plaintiff that he could appeal the decision, and plaintiff did. On April 23, 2007, the Port Authority upheld the denial, explaining that

> [y]ou were denied the [Unescorted Access Privileges to the Security Identification Area of Kennedy International Airport] because you failed to disclose a previous conviction, and a criminal background check of you found records that cited a prior conviction. The SIDA badge application (Part 3) clearly states that you must disclose all pleas, convictions and/or conditional dismissals for crimes and misdemeanors other than parking or speeding violations, and further requires that you affirm that the statements you give are true, and states that providing false or inaccurate information is grounds for denial of the privileges, and potentially for civil penalty or fine.

(Worldwide Mem. of Law at Ex. C.)[3]

Plaintiff denies having a "*disqualifying criminal offense* within the past 10 years or 10 hundred years, concerning [his] person," and that "[he] left nothing blank on [his] app[lication]." (Pl.'s Opp'n (emphasis added).) Plaintiff alleges that he was denied the security clearance, thereby rendering him ineligible for the job, on the basis of his race, national origin, and religion.

---

[2] Under federal regulations concerning airport safety, "each airport operator must ensure that no individual is granted unescorted access authority unless the individual has undergone a fingerprint-based CHRC that does not disclose that he or she has a *disqualifying criminal offense*, as described in paragraph (d) of this section." 49 C.F.R. § 1542.209(b) (emphasis added).

[3] The February 17 and April 23, 2007 letters are incorporated by reference. According to plaintiff, the "alleged discriminatory act occurred on April 23, 2007," when he was denied the security clearance. (Compl. at II.B & Attachment to II.E.) This is a clear reference to the April 23, 2007 letter. Given plaintiff's heavy reliance on this letter (and therefore, the underlying February 17, 2007 letter) as the basis for his claims, the court deems both to be integral to the complaint. *See* Fed. R. Civ. P. 10(c); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

## II. Legal Standards

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts as true the plaintiff's factual allegations and draws all reasonable inferences in favor of the non-moving party. *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479, (2d Cir. 2002) (citation omitted). In order to survive a motion to dismiss, an employment discrimination complaint only needs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 508, 508 (2002). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. The complaint does not need to "contain specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Swierkiewicz*, 534 U.S. at 508.

A plaintiff must, however, allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that "proffers only a conclusory allegation of discrimination[,] . . . without evidentiary support or allegations of particularized incidents, does not state a valid claim and so cannot withstand a motion to dismiss." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (citations and internal quotation marks omitted). For purposes of a motion to dismiss, the complaint is deemed to include writings and documents attached to it, referenced in it, or integral to it. *See* Fed. R.

Civ. P. 10(c); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (internal quotation marks omitted).

In deference to plaintiff's *pro se* status, the court has liberally reviewed his papers to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d. 472, 474 (2d Cir. 2006) (citations omitted). In addition, the court has considered the facts set forth in his opposition to the motion to dismiss as part of the pleadings. *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987); *Wilson v. Family Dollar Stores*, 06-CV-639 (DGT), 2007 WL 952066, at *3 (E.D.N.Y. Mar. 29, 2007).

III. Analysis

    a.  Title VII Claim

Here, the only alleged discriminatory act was the denial of plaintiff's application for unescorted access privileges at JFK airport. (Compl. at II.B (pointing to the April 23, 2007 letter as the alleged discriminatory act) & Attachment to II.E ("I believe that I was denied a security clearance in order to obtain employment at JFK International Airport because of my race (black), national origin (Jamaican) and religion (Rastafarian) in violation of Title VII of the Civil Rights Act of 1964, as amended.").) Plaintiff acknowledges that he was not hired by Worldwide because he was denied security clearance. (*Id.*) However, plaintiff has not alleged that Worldwide had any role in deciding whether he would receive the security clearance. Moreover, the Port Authority's February 27 and April 23, 2007 letters, which are incorporated by reference, show that is was the Port Authority, and not Worldwide, that was

responsible for investigating, reviewing, and ultimately denying his application. (Worldwide Mem. of Law at Exs. B & C.) In sum, because Worldwide was not involved in the alleged discrimination, the action against it must be dismissed.

### b. State-Law Claims

In light of the dismissal of plaintiff's Title VII claim, the court declines to exercise supplemental jurisdiction over his state-law claims. *Motorola Credit Corp. v. Uzan,* 388 F.3d 39, 55 (2d Cir. 2004) (citations omitted) ("Our Court has held, as a general proposition, that if [all] federal claims are dismissed *before trial . . .* , the state claims should be dismissed as well.").

## IV. Conclusion

For the reasons set forth above, Worldwide's motion to dismiss the Title VII claim is granted. The remaining state-law claims are dismissed without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
     July 24, 2009

_____
/s/
DORA L. IRIZARRY
United States District Judge
