UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PHILIP JOHNSON, *pro se*,           :
                                    :       **MEMORANDUM & ORDER**
                Plaintiff,          :
                                    :       08-CV-2753 (DLI)(LB)
                -against-           :
                                    :
PORT AUTHORITY OF NEW YORK AND      :
NEW JERSEY, WORLDWIDE FLIGHT        :
SERVICES, INC. and JOHN F. KENNEDY  :
INTERNATIONAL AIRPORT,              :
                                    :
                Defendants.         :
-----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Philip Johnson filed this discrimination action against Worldwide Flight Services, Inc. ("Worldwide"), the Port Authority of New York and New Jersey ("Port Authority"), and John F. Kennedy International Airport ("JFK"). On July 24, 2009, the court granted Worldwide's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See generally Johnson v. Port Authority of New York and New Jersey et al.*, 2009 WL 2227921 (E.D.N.Y. July 24, 2009). Pursuant to Fed. R. Civ. P. 56, Port Authority moves for summary judgment. As Port Authority is responsible for the operation of JFK, which is not itself a separate legal entity, Port Authority (hereinafter "defendant") is the sole remaining defendant. For the reasons set forth below, the motion is granted, and the action is dismissed in its entirety.

**I.  Background**

As an initial matter, Port Authority deposed plaintiff on March 17, 2009. Plaintiff states that he was never given a copy of this deposition for verification (Pl.'s Resp. 3), and the court further notes that his signature is absent from the deposition transcript filed with the court. (*See* Occhiogrosso Aff. Ex. C, at 35.) In light of this, and defendant's failure to address these

1

discrepancies in its Reply, the court will not consider this deposition in ruling on the instant motion. *See, e.g.*, *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citation omitted) ("[I]n summary judgment proceedings . . . a district court may properly reject unsworn documents"); *Evans v. Spila*, 1994 WL 16465067, at *2 (5th Cir. Jan. 25, 1994) (finding unverified deposition testimony to "not [be] appropriate for summary judgment consideration").

In January 2007, plaintiff sought employment with Worldwide at JFK. (Compl. 3, 5.) Pursuant to Transportation Security Administration regulations, any employee who works at JFK must be issued a Security Identification Area ("SIDA") badge. (Blaettler Aff. ¶ 2.) On January 16, 2007, plaintiff submitted an application to defendant for a SIDA badge. (*See generally* Occhiogrosso Aff. Ex. D.) Accompanying his application was a photograph of plaintiff, who is African-American. (Resp. 2.) The photograph depicts him with a head covering of the type commonly worn by members of the Rastafarian religious group. (*Id.*)

The SIDA application form included the following question: "Have you ever in your life been convicted of, plead no contest or plead nolo-contendre, plead guilty, or been found not guilty by reason of insanity to an offense other than a parking or speeding violation in this country or elsewhere?" (Occhiogrosso Aff. Ex. D, at 3.) If the applicant answered this question affirmatively, the form then instructed him or her to provide details for each offense. (*Id.*) It also stated that "[f]alse statements or non-disclosure of pertinent information may disqualify an applicant from receiving an Airport I.D. Card." (*Id.*) Plaintiff indicated on his application form that he had been convicted of disorderly conduct in 1986, but listed no other convictions, pleas, or conditional dismissals. (*Id.*) He signed his application directly under a sentence that read, "I certify that all of the statements made in this entire application are true, and that I have not been

convicted of a disqualifying crime . . . within the 10 years prior to the submission of this application . . . ." (*Id.*)

On January 19, 2007, plaintiff's name was run through a Federal Bureau of Investigation ("FBI") background check. (*See generally* Occhiogrosso Aff. Ex. E.) This check revealed, in addition to the aforementioned 1986 conviction, a 1984 conviction for petit larceny. (*Id.* at 2.) On February 27, 2007, defendant sent plaintiff a letter denying his application for a SIDA badge on the ground that he had failed to disclose a previous conviction. (*See generally* Occhiogrosso Aff. Ex. F.) The letter further stated that "[t]his denial will be for a one year period which ends one year from the application date [after which] [y]ou will be eligible to re-apply for a JFK Security ID Card . . . ." (*Id.*) Plaintiff appealed the denial of his SIDA badge by letter dated March 19, 2007. (*See generally* Occhiogrosso Aff. Ex. G.) Defendant affirmed its denial via letter dated April 23, 2007, stating: "You were denied the SIDA privileges because you failed to disclose a previous conviction, and a criminal background check of you found records that cited a prior conviction." (Occhiogrosso Aff. Ex. H.)

On July 3, 2008, plaintiff filed the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290–97 ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131 ("NYCHRL"). Defendant's Answer, filed November 17, 2008, demanded a jury trial. (*See* Docket Entry No. 21.) On August 10, 2009, defendant moved for summary judgment on the grounds that: (1) it is not an employer within the meaning of Title VII; and (2) it had a legitimate, non-discriminatory reason for its decision not to hire plaintiff. (Def.'s Mem. in Supp. of Summ. J. ("Def.'s Mem.") 4–5; Def.'s Reply 1.) Plaintiff counters that

3

discriminatory animus was the true motivation behind defendant's hiring decision. He further argues that summary judgment is improper due to defendant's earlier demand for a jury trial.[1]

## II. Discussion

### A. Summary Judgment Standard

The court has liberally reviewed plaintiff's papers to raise the strongest arguments that they suggest, in deference to his *pro se* status. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d. 471, 474–75 (2d Cir. 2006) (citations omitted). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial," FED. R. CIV. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential*

---

[1] (Pl.'s Resp. 2–4.) Plaintiff further "request[s] that the judges to this matter dismiss themselves . . . because I am not confident that they can properly 'sit on' this matter . . . ." (*Id.* at 2.) The court denies this request as plaintiff fails to set forth any evidence of bias. *See In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007).

*Res. Servs., Ltd.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

### B. Title VII Discrimination

When analyzing claims made under Title VII, the NYSHRL, and the NYCHRL, the court follows the three-part burden allocation scheme set forth by the United States Supreme Court in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973). *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216–17 (2d Cir. 2005) (applying *McDonnell Douglass* to NYSHRL and NYCHRL discrimination claims). Under the *McDonnell Douglass* analysis, the plaintiff carries the "initial burden . . . of establishing a *prima facie* case of racial discrimination." 411 U.S. at 802. In order to make out a *prima facie* case for discriminatory failure to hire, a plaintiff must demonstrate that he or she: (1) is a member of a protected group; (2) applied and was qualified for a job for which the employer was seeking applicants; (3) was rejected despite being qualified; and (4) after this rejection, the position remained open and the employer continued to seek applicants from persons with the plaintiff's qualifications. *Id.*

If the plaintiff makes a *prima facie* case, the burden shifts to "the employer to articulate some legitimate, non-discriminatory reason for the employee's rejection." *Id.* If the defendant carries this burden, the plaintiff must then show that the "reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). A plaintiff who establishes both a *prima facie* discrimination case and pretext must still, in order to survive summary judgment, demonstrate that he can meet his "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against [him]." *Schnabel v. Abramson*, 232 F.3d 83, 90–91 (2d Cir. 2000) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

1. *Prima Facie* Case

Defendant contests plaintiff's *prima facie* case on a single ground—that Port Authority is not an "employer" for the purposes of Title VII jurisprudence. (*See* Def.'s Mem. 3; *see also* Blaettler Aff. ¶ 3.) However, the court has already concluded that it was "Port Authority, and not Worldwide, that was responsible for investigating, reviewing, and ultimately denying [plaintiff's] application." *See Johnson*, 2009 WL 2227921, at *3 (granting Worldwide's dismissal motion on this ground, *inter alia*). Accordingly, summary judgment is inappropriate at this stage of the analysis.

2. **Legitimate, Non-Discriminatory Reason**

Defendant states that its reason for denying plaintiff a SIDA badge was that he failed to disclose a prior criminal conviction on his application form. (Def.'s Mem. 4–5; *see also* Occhiogrosso Aff. Exs. F, H.) Such a failure indeed constitutes a legitimate, non-discriminatory reason for a hiring decision. *See McManamon v. City of New York Dep't of Corr.*, 2009 WL 2972633, at *6 (S.D.N.Y. Sept. 16, 2009) (involving failure to disclose past arrest). Thus, the burden shifts to plaintiff to show that defendant's stated reason was merely a pretext for discrimination. *See Burdine*, 450 U.S. at 253.

3. **Mere Pretext**

Regarding pretext, "the question is never whether the employer was mistaken, cruel, unethical, out of his head, or downright irrational in taking the action for the stated reason, but simply whether the stated reason *was* his reason: not a good reason, but the true reason." *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 418 (7th Cir. 2006); *see also Strickland v. County of Monroe*, 2005 WL 1522802, at *4 (W.D.N.Y. June 28, 2005) (relevant issue regarding pretext was employer's *belief* that plaintiff had been convicted). Plaintiff sets forth several

arguments as to why Port Authority's stated reason for denying his application—his failure to disclose his prior conviction for petit larceny—was mere pretext. None of these are persuasive.

First, plaintiff contends that because he pled guilty to the petit larceny charge and thus never had a trial, there was no conviction to disclose. (Pl.'s Resp. 2.) Such a contention is without merit, as the application form specifically required the disclosure of guilty pleas in addition to convictions. (*See* Ochiograsso Aff. Ex. D, at 3.) Furthermore, it is well established that a guilty plea, even without a trial, is a conviction. *See United States v. Frankel*, 589 F.3d 566, 567 (2d Cir. 2009) (noting appellant was "convicted" upon his plea of guilty).

Plaintiff also claims that his failure to disclose the prior conviction is rendered moot by his signature below the phrase, "I certify . . . that I have not been convicted of a disqualifying crime . . . *within the last 10 years* . . . ." (Ochiograsso Aff. Ex. D, at 3 (emphasis added); *see* Pl's Resp. 3.) As the undisclosed petit larceny conviction occurred over twenty years before he applied for the JFK position, plaintiff contends that he disclosed everything required of him. Plaintiff has indeed discovered an ambiguity in defendant's application form. However, it simply does not follow from this ambiguity that defendant's stated reason for failing to hire him was not the true reason. *See Forrester*, 453 F.3d at 418.

Next, plaintiff points to the fact that the portion of the FBI background check with which he was provided begins on "Page 19 of 24." (Ochiograsso Aff. Ex. E, at 1; *see* Pl's Resp. 3.) However, this fact is relevant only to the question of whether defendant was *mistaken* in its belief that plaintiff had failed to disclose a prior conviction. As discussed above, even if defendant *was* mistaken, it does not follow that its reason was merely pretextual. *See Forrester*, 453 F.3d at 418; *see also Strickland*, 2005 WL 1522802, at *4. Regardless, defendant was not

7

mistaken, as the record clearly demonstrates plaintiff's undisclosed prior conviction. (*See* Ochiograsso Aff. Ex. E, at 2.)

Plaintiff's final argument for pretext is that he was told he could re-apply for a SIDA badge one year after the denial of his original application.[2] This concession, plaintiff argues, is a tacit admission that his undisclosed prior conviction was not truly important enough to preclude his hiring. (*See* Pl.'s Resp. 3.) Such an inferential leap relies entirely on the type of conjecture and speculation the Second Circuit has held to be improper for motions of this nature. *See Kerzer*, 156 F.3d at 400. In sum, there are simply no facts indicating that defendant's stated reason for denying plaintiff a SIDA badge was anything other than its true reason.

### 4. Discriminatory Animus

Even if the court found that defendant's reason for failing to hire plaintiff was merely pretextual, to survive summary judgment plaintiff must demonstrate that he can meet his "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against [him]." *Schnabel*, 232 F.3d at 90–91 (quoting *Reeves*, 530 U.S. at 143). "[A]n employer's intent to discriminate must be evaluated by reference to the decision-maker actually ordering the adverse employment action, not to other persons in the company." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 89 (2d Cir. 2005) (citing *Dawson*, 398 F.3d at 224–25). "Even in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)); *see also McManamon*, 2009 WL 2972633, at *5 ("unsubstantiated allegations are insufficient to give rise to an inference of discrimination").

---

[2] (*See* Occhiogrosso Aff. Exs. F, H.) The record is unclear as to whether plaintiff ever reapplied for a SIDA badge.

Here, plaintiff makes only the barest of allegations in support of his claim. (Compl. 5 ("I believe that I was denied a security clearance . . . because of my race (Black), national origin (Jamaican), and religion (Rastafarian) . . . .").) In support of this wholly conclusory statement, he states only that his "photo *may have been* attached to [the SIDA application]." (Pl.'s Resp. 2 (emphasis added).) Even if the court assumes that Port Authority's "decision-makers" viewed his picture, there is no evidence whatsoever that they based their subsequent hiring decision on discriminatory animus. Accordingly, armed with nothing "[m]ore than speculation and surmise," plaintiff is unable to defeat the instant summary judgment motion. *Strickland*, 2005 WL 1522802, at *5; *see also Meiri*, 759 F.2d at 998 ("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases.").

### C. NYSHRL and NYCHRL Claims

Plaintiff's NYSHRL and NYCHRL claims fall victim to the same analysis that defeats his Title VII claim as they arise out of the same set of facts. (Compl. 2–3); *see Dawson*, 398 F.3d at 224–25. Accordingly, the New York claims are dismissed with prejudice. Even if such a dismissal were inappropriate, the court would decline to exercise supplemental jurisdiction over the New York claims in the absence of their federal counterpart. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 55 (2d Cir. 2004) (citations omitted) ("Our Court has held, as a general proposition, that if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

### D. Defendant's Initial Demand for Jury Trial

Plaintiff's final argument is that summary judgment is improper because defendant demanded a jury trial in his Answer. (*See* Pl.'s Resp. 1–2.) This argument is meritless, and, even

if it sounded in equity, plaintiff has failed to allege any prejudice resulting from defendant's timely summary judgment motion. Nevertheless, the court provides the following explanation in light of plaintiff's *pro se* status.

According to the Federal Rules of Civil Procedure, civil trials are not automatically conducted before juries; a party must preserve its right to a jury by demanding one "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1). Thus, when Port Authority demanded a jury in its Answer, it was merely ensuring that its right to a jury would not be waived should a trial ultimately prove necessary. However, trials often are *unnecessary*, and the purpose of summary judgment is to avoid them—with or without a jury—when no genuine issue exists as to any material fact.[3] In other words, summary judgment is a "tool[] by which factually insufficient claims or defenses" can be "*prevented from going to trial with the attendant unwarranted consumption of public and private resources.*" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (emphasis added). In sum, as long as no genuine issue of material fact exists, summary judgment may be granted regardless of whether there has been a demand for a jury trial. *See, e.g.*, *Ahlers v. Grygo*, 2009 WL 691927, at *11 (E.D.N.Y. Mar. 13, 2009).

---

[3] *See* FED. R. CIV. P. 56(c). A trial without a jury is called a "bench" trial, in which the judge replaces the jury as the finder of fact. Summary judgment is *not* a bench trial, as plaintiff characterizes it. (Pl.'s Resp. 1.)

## III. Conclusion

For the reasons set forth above, Port Authority's motion for summary judgment is granted, and the case is dismissed in its entirety. The court certifies pursuant to 28 U.S.C § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2010

/s/
DORA L. IRIZARRY
United States District Judge